IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | CIVIL ACTION 08-0117-WS-C |
| ) | |
| **40 ACRES OF REAL PROPERTY,** ) | |
| **MORE OR LESS, etc.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This newly-filed civil forfeiture action comes before the Court on plaintiff's Motion for a Writ of Entry (doc. 2). The stated purpose of the requested writ is to allow the Government to inspect the subject property, to appraise its condition and value, and to take an inventory of its contents. The plaintiff asserts that issuance of such a writ is authorized by 18 U.S.C. §§ 983(j) and 985(b)(2).

Section 983(j)(1), which applies to civil forfeiture proceedings, authorizes a court to "appoint ... appraisers ... or take any other action to ... secure, maintain, or preserve the availability of property subject to civil forfeiture (A) upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order is sought is subject to civil forfeiture." While the section does not expressly mention writs of entry, such writs may be important in protecting the government's incipient interest in the property, including without limitation by creating a disincentive for owners to harm, or skim fixtures from, the property. *See generally* 18 U.S.C. § 2232(a) (making it a felony to knowingly damage or waste property subject to forfeiture). Section 985(b)(2)'s provision that "the execution of a writ of entry for the purpose of conducting an inspection and inventory of the property shall not be considered a seizure under this subsection" confirms that Congress contemplated the use of Section 983(j) for this purpose.

Remaining for consideration are the circumstances under which the Court may issue such a writ. Section 983(j)(1) establishes different requirements for entry of orders depending on whether the order comes "upon [or after] the filing of a civil forfeiture complaint" or before. In

the latter situation, the plaintiff must show a substantial probability of prevailing on the issue of forfeiture and a similar probability that failure to enter the order will result in destruction, removal or other unavailability of the property, which risk outweighs the hardship imposed on any party. 18 U.S.C. § 983(j)(1)(B). Moreover, this showing must follow notice to, and an opportunity to be heard by, persons appearing to have an interest in the property. *Id*. The statute imposes none of these requirements if the order is issued after the complaint is filed. *Id*. § 983(j)(1)(A).

Here, the plaintiff has filed its Complaint (doc. 1), but it acknowledges that it has neither posted notice of the Complaint on the property nor served notice and a copy of the complaint on the owners. (Doc. 2, Exh. 1 at 1.) A sister court has concluded that the requirements of Section 983(j)(1)(B) apply in such a situation. *United States v. Real Property Located at 11211 East Arabian Park Drive*, 379 F. Supp.2d 1058, 1062-64 (D. Ariz. 2005). The Court does not agree. As reasonable as it might appear to provide a property owner notice of a civil forfeiture action before showing up on his doorstep with a writ of entry to inspect and appraise the property, the language of Section 983(j)(1) appears unambiguously not to require such notice so long as the writ issues after the complaint is filed. This Court, of course, is not empowered to interpret an unambiguous statute other than as it is written. *See generally United States v. Melrose East Subdivision*, 357 F.3d 493, 498-99 (5th Cir. 2004) (no pre-restraint hearing is required under subsection (j)(1)(A) when a restraining order is "requested contemporaneously with the filing of the forfeiture complaint").

For the reasons set forth above, the Motion for a Writ of Entry (doc. 2) is **granted**. The Writ will be issued forthwith.

DONE and ORDERED this the 27th day of February, 2008.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE